■ RAPHAEL VENCEBI, Appellant, v WALDORF ASTORIA HOTEL CORPORATION, Doing Business as WALDORF ASTORIA HOTEL, Defendant and Third-Party Plaintiff-Respondent. HUDSON SHATZ PAINTING CO. INC., Third-Party Defendant-Respondent. —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Krausman, J.) entered May 1, 1987, which is in favor of the defendant and against him, upon a jury verdict.

Ordered that the judgment is affirmed, with one bill of costs.

This suit arose out of an occurrence in which the plaintiff, a painter employed by the third-party defendant Hudson Shatz Painting Co. Inc. (hereinafter Hudson), allegedly fell while descending from a scaffold while employed at the premises owned by the defendant Waldorf Astoria Hotel Corporation. At the time of this incident, the plaintiff was engaged in painting the bar and cocktail lounge area in the west lobby of the Waldorf Astoria Hotel. At trial, the plaintiff testified that he descended from the scaffold by using the crossbars rather than a ladder provided for such use, and he stepped on a so-

called "desk" (actually a bar over which the scaffold was placed) which was beneath the scaffold, and he slipped and fell off the scaffold. According to the plaintiff, the reason he fell while descending was because the scaffold, which should have been locked in place, moved "an inch or two or three".

On cross-examination, the plaintiff was confronted with his deposition testimony that he could have descended by using a ladder on the side of the scaffold, and that the so-called "desk" below the scaffold did not obstruct descent by that route.

The plaintiff called as his witness one Gerhard Gerstl, who was the third-party defendant Hudson's supervisor and an eyewitness to the occurrence. Gerstl testified that the scaffold was in good repair and on level ground; that its brakes were locked; that descent by ladder was not impeded; that the plaintiff's fall was caused by his use of the crossbars and his stepping on a bar which was located below the scaffold and which was covered by masonite, rather than by properly descending the scaffold by the ladder provided; that the plaintiff fell because the masonite covering the bar slipped beneath his feet; and, most significantly, that the scaffold did not move.

Labor Law § 240 (1) imposes absolute liability upon an owner for injuries sustained by a worker on its premises as a result of scaffolding that did not provide proper protection to the worker (see, Bland v Manocherian, 66 NY2d 452, 459; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520-521, rearg denied 65 NY2d 1054). Further, contributory negligence on the part of the worker is not a defense (Zimmer v Chemung County Performing Arts, supra), and a plaintiff need prove only that the statute was violated and that the violation was a proximate cause of the injuries sustained (see, Duda v Rouse Constr. Corp., 32 NY2d 405, 410; Mack v Altmans Stage Light. Co., 98 AD2d 468, 470).

In this case, there was evidence presented to support the jury's verdict that this accident did not occur because the scaffold failed to properly protect the plaintiff. The jury was presented with a triable issue as to whether the accident occurred because the scaffold moved or whether the plaintiff stepped on a bar covered with masonite which slipped and caused him to fall. The jury resolved the issue in favor of the defendant, and that determination is not against the weight of the evidence (see, Grzesiak v General Elec. Co., 68 NY2d 937, 939). In sum, the verdict in favor of the defendant and the trial court's denial of a motion to set aside the verdict were based upon a fair interpretation of the evidence (see, Picciotto

*v Molloy Coll.,* 129 AD2d 619, 620, *lv denied* 70 NY2d 613; CPLR 4404).

Further, the plaintiff's contention that the trial court improperly charged the jury that it could consider contributory negligence on the part of the plaintiff is without merit. On the contrary, the court expressly charged the jury that "the statute imposes liability upon the defendant, whether or not the defendant was negligent or whether or not the plaintiff was guilty of negligence, which contributed to his injury." The court also properly charged that if the jury found that the plaintiff's injury was not caused by the placement or construction of the scaffold but by the way the plaintiff climbed down the scaffold, their verdict should be in favor of the defendant *(see,* PJI 2:217 [Supp]). Unlike the factual situation presented in *Kennedy v McKay* (86 AD2d 597), in this case the plaintiff had a choice in the manner of descending the scaffold in that there was an available ladder attached to the scaffold which was intended for this purpose. Stated simply, under the evidence in this case, the jury was entitled to conclude that an independent act, other than the failure to furnish or maintain a scaffold that gave proper protection to the plaintiff—namely, the slipping of the masonite covering the bar beneath the scaffold—was the sole proximate cause of this occurrence. The court's charge in this regard did not bear on contributory negligence but, rather, on the manner in which the accident occurred *(see, Witherel v Balling Constr.,* 99 AD2d 646).

Finally, the plaintiff's claim that the first question on the verdict sheet pertaining to liability was erroneous has not been preserved for appellate review *(Grzesiak v General Elec. Co., supra; Beltz v City of Buffalo,* 61 NY2d 698; CPLR 4110-b), and, under the facts and circumstances of this case, we decline to reach this issue in the interest of justice. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.