■ ERIC L. STYER et al., Appellants-Respondents, v WALTER VITA CONSTRUCTION, INC., Defendant and Third-Party Defendant-Respondent, and LUMEX, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. VITA & YARUSSO, INC., Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), entered December 6, 1989, as denied their motion for partial summary judgment on the issue of liability, and the defendant third-party plaintiff Lumex, Inc. cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment against Walter Vita Construction, Inc., and Vita & Yarusso, Inc., on its cause of action for indemnification.

Ordered that the order is affirmed, without costs or disbursements.

Walter Vita Construction, Inc., a general contractor constructing a commercial building on property owned by the defendant Lumex, Inc., subcontracted with the third-party defendant Vita & Yarusso, Inc. to perform the masonry work. The plaintiffs, employees of Vita & Yarusso, Inc., were engaged in erecting an exterior wall of the building when, in order to facilitate the placement of mortar boxes on the scaffold on which they were working, the plaintiff Eric Styer

removed at least one, and perhaps two, of the scaffold's outside crossbraces. Some 15 minutes later, the scaffold collapsed, and the plaintiffs fell to the ground.

The trial court properly denied the plaintiffs' summary judgment motion predicated upon Labor Law § 240 (1). Issues of fact exists as to whether there was a violation of that statute, and if so, whether it proximately caused the plaintiffs' injuries *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521; *La Lima v Epstein,* 143 AD2d 886, 888). The instant case is to be distinguished from those where scaffolding collapses for no apparent reason, giving rise to a presumption that the scaffolding was not adequate to provide "proper protection" pursuant to section 240 (1) *(cf., Drew v Correct Mfg. Corp.,* 149 AD2d 893; *Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485; *Braun v Dormitory Auth.,* 118 AD2d 614). Given the plaintiff Styer's partial dismantling of the scaffold's support structure, a presumption that Labor Law § 240 (1) was violated does not lie. A reasonable fact-finder might conclude that the plaintiff Styer's action was the sole proximate cause of the scaffold's collapse *(see, Cannata v One Estate,* 127 AD2d 811; *see also, Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 365-366), or that his conduct constituted an entirely unforeseeable superseding, intervening act *(see, Mack v Altmans Stage Light. Co.,* 98 AD2d 468; *cf., La Lima v Epstein, supra).*

The trial court also properly denied the motion of Lumex, Inc., for summary judgment against the third-party defendants on its cause of action for indemnification. Sustaining a cause of action for indemnification would be premature absent a final determination as to the plaintiffs' causes of action *(see, Smith v Hooker Chems. & Plastics Corp., supra,* at 366). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.