■ JAMES T. MONAHAN et al., Plaintiffs, v TURNER CONSTRUCTION Co. et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. ARKAY HEATING & AIR CONDITIONING Co., INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And Another Title.) [608 NYS2d 114] —
In an action to recover damages for personal injuries, etc., the third-party defendant Arkay Heating & Air Conditioning Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.) dated September 16, 1991, as denied its motion to dismiss those claims asserted against it which are based upon a theory of contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and those claims asserted against the third-party defendant Arkay Heating & Air Conditioning Co., Inc., which are based upon a theory of contractual indemnification are dismissed.

A review of the complaints of the third-party plaintiffs and of the cross-claims of the third-party codefendant De-Con Mechanical, Inc., indicate that they each state a valid cause of action for contractual indemnification *(see, Stukuls v State of New York,* 42 NY2d 272, 275; *Rovello v Orofino Realty Co.,* 40

NY2d 633). However, to the extent that the parties have treated this motion as one for summary judgment, we find that upon no reading of the "purchase order" agreement is there a basis for finding contractual indemnification against the third-party defendant Arkay Heating & Air Conditioning Co., Inc. Accordingly, the contractual indemnification claims against the third-party defendant Arkay are dismissed. Mangano, P. J., Rosenblatt, Lawrence and Joy, JJ., concur.