■ LLOYD ANDERSON et al., Appellants, v SCHUL/MAR CON-STRUCTION CORP., Respondent, et al., Defendant. (And a Third-Party Action.) [622 NYS2d 310] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Newmark, J.), entered January 13, 1993, as, upon a jury verdict in favor of the defendant Schul/Mar Construction Corp., dismissed the complaint insofar as it is asserted against it.

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted on the issue of liability pursuant to Labor Law § 240 (1), with costs to abide the event.

The plaintiff, an employee at a construction worksite of which the defendant Schul/Mar Construction Corp. was the owner and general contractor, is entitled to a new trial on the issue of liability pursuant to Labor Law § 240 (1) since the trial court failed to charge the jury with this theory of liability. The plaintiff testified that he fell to the ground and was injured when an unsecured ladder that was set on uneven ground slipped as he attempted to descend it. These facts constitute a prima facie case pursuant to Labor Law § 240 (1) *(see, Bryan v City of New York,* 206 AD2d 448; *Whalen v Sciame Constr. Co.,* 198 AD2d 501; *Dennis v Beltrone Constr. Co.,* 195 AD2d 688; *Rodriguez v New York City Hous. Auth.,* 194 AD2d 460; *Fernandez v MHP Land Assocs.,* 188 AD2d 417).

However, contrary to the plaintiff's contention, the trial court did not err by failing to grant judgment as a matter of law in his favor on the issue of liability pursuant to Labor Law § 240 (1). There exists a question of fact regarding whether the defendant Schul/Mar Construction Corp.'s violation of this statutory provision was a proximate cause of the plaintiff's injuries. There was testimony adduced at trial that the plaintiff fell when he missed a rung while descending the ladder as a person would descend a staircase, i.e., facing away from and not holding onto the ladder, carrying a cup of coffee in one hand and his breakfast in the other. Given the plaintiff's obvious misuse of the ladder, a reasonable fact finder might conclude that the plaintiff's conduct was the sole proximate cause of his injuries *(see, e.g., Richardson v Matarese,* 206 AD2d 353; *Styer v Vita Constr.,* 174 AD2d 662).

Although the trial court erred by admitting into evidence an accident report without establishing a proper foundation therefor (see, CPLR 4518 [a]; *Matter of Aetna Cas. & Sur. Co. v Stone*, 170 AD2d 599; *Murray v Donlon*, 77 AD2d 337), this error does not necessitate a new trial on the alternate theories of liability asserted by the plaintiff. The report was merely cumulative of facts that had been presented to the jury in admissible form (see, *Rubin v Aaron*, 191 AD2d 547).

The parties' remaining contentions are without merit. Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.