■ VINKO SKALKO, Appellant, v MARSHALL'S INC. et al., Respondents, and C. RAIMONDO & SONS CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-Respondent. SOL RUBIN PAINTING CORP., Third-Party Defendant-Respondent. [646

NYS2d 140] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 3, 1996, which denied his motion to set aside a prior determination which granted the defendants' motion for judgment as a matter of law.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the plaintiff's motion is granted, the determination granting the defendants' motion for judgment as a matter of law is vacated, and a new trial is granted.

The plaintiff commenced this action to recover damages for personal injuries based, *inter alia,* on an alleged violation of Labor Law § 240 (1). The plaintiff, a painter, was on a scaffold engaged in painting a ceiling. He claims to have sustained injuries when he fell while descending the scaffold. At trial, the plaintiff testified that as he moved from the scaffold's platform to the outside of the scaffold in order to climb down the outside, he grabbed a corner of the scaffold and as he did so the scaffold began to tip which caused the plaintiff to slip and fall to the ground. The scaffold continued to tip all the way over to the ground. During cross examination, the plaintiff testified that he swung his whole body off the platform. The plaintiff also testified that prior to his fall he did not have any difficulty with the scaffold. In addition, he locked all four wheels prior to getting on the scaffold. The plaintiff also testified that he had gone up and down the scaffold six to seven times prior to the accident without incident.

In order to prevail on a cause of action pursuant to Labor Law § 240 (1), the plaintiff must establish a violation of the statute and that the violation was a proximate cause of his injuries *(see, Bland v Manocherian,* 66 NY2d 452; *Keane v Sin Hang Lee,* 188 AD2d 636). Generally, whether a particular safety device provided proper protection is a question of fact for the jury *(see, Miller v Long Is. Light. Co.,* 166 AD2d 564). Given the plaintiff's testimony that the scaffold began to tip as he descended, the plaintiff made a prima facie showing that the scaffold failed to provide proper protection *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Bryan v City of New York,* 206 AD2d 448; *Urrea v Sedgwick Ave. Assocs.,* 191 AD2d 319; *Fernandez v MHP Land Assocs.,* 188 AD2d 417; *Place v Grand Union Co.,* 184 AD2d 817). Thus, it was error to grant judgment as a matter of law in favor of the defendants. However, judgment as a matter of law in favor of the plaintiff would also be inappropriate. Given the plaintiff's cross-examination

testimony that he swung his body off the scaffold, a triable issue exists as to whether the accident occurred because the scaffold tipped, or because of the plaintiff's conduct. A reasonable fact finder might conclude that the plaintiff's action was the sole and proximate cause of the scaffold tipping over *(see, Styer v Vita Constr.,* 174 AD2d 662; *Vencebi v Waldorf Astoria Hotel Corp.,* 143 AD2d 1004). Accordingly, a new trial is granted. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.