◼ JOHN P. TWEEDY, Appellant, v ROMAN CATHOLIC CHURCH OF OUR LADY OF VICTORY, Also Known as OUR LADY OF VICTORY ROMAN CATHOLIC CHURCH, et al., Respondents, and KELLY MASONRY CORPORATION, Defendant and Third-Party Plaintiff-Respondent. EDWIN S. TWEEDY, INC., et al., Third-Party Defendants-Respondents. [648 NYS2d 685] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered July 31, 1995, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The court properly declined to direct a verdict in favor of the plaintiff on his Labor Law § 240 (1) cause of action, insofar as the evidence adduced at trial presented a question of fact as to whether the failure of the scaffold to support the plaintiff resulted from his own conduct in having untied the lines that secured it to the coping stones and then putting his foot on the unsecured scaffold. Accordingly, this was not a situation where the scaffold collapsed for no apparent reason, giving rise to the presumption that the scaffold did not provide proper protection within the meaning of Labor Law § 240 (1) *(see, Styer v Vita Constr.,* 174 AD2d 662, 663). Rather, it was for the fact finder to determine whether the plaintiff's own conduct was the sole proximate cause of his injuries *(see, e.g., Anderson v Schul/ Mar Constr. Corp.,* 212 AD2d 493; *Richardson v Matarese,* 206 AD2d 353, 354; *Styer v Vita Constr., supra; Cannata v One Estate,* 127 AD2d 811, 813).

There is no merit to the plaintiff's contention that the trial

court improperly charged the jury that it could consider comparative negligence on the part of the plaintiff, since the challenged portion of the charge related to the question of whether the proximate cause of the accident was the plaintiff's independent act in attempting to dislodge the stuck scaffold structure *(see, Vencebi v Waldorf Astoria Hotel Corp.,* 143 AD2d 1004; *see also, Gandley v Prestige Roofing & Siding Co.,* 148 AD2d 666, 668).

Nor did the court err in denying the plaintiff's request for a missing witness charge. The plaintiff did not meet his burden of showing that the witness's in-court testimony would have constituted substantial rather than merely cumulative evidence *(see, Pappanikolaou v New York Univ. Dental Ctr.,* 209 AD2d 595). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.