■ NIKOLAUS MAROUDAS et al., Appellants, v STATE OF NEW YORK, Respondent. [657 NYS2d 992] —In a claim to recover damages for personal injuries, etc., the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Silverman, J.), entered July 3, 1996, as denied their motion for partial summary judgment on the issue of liability based on a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the claimants' motion is granted, and the matter is remitted to the Court of Claims for further proceedings.

The claimant, a painter, was engaged in painting a roadway overpass from the top of a work truck when the safety guardrail onto which he was holding for balance gave way causing him to fall to the roadway and sustain injuries. That portion of the guardrail onto which the claimant was holding fell to the ground along with him.

In order to prevail on a Labor Law § 240 (1) claim, the claimant must show that the statute was violated and that this violation was a proximate cause of the claimant's injuries (see, Skalko v Marshall's, Inc., 229 AD2d 569; Bland v Manocherian, 66 NY2d 452; Anderson v Schul/Mar Constr. Corp., 212 AD2d 493).

Here, the claimant demonstrated that the safety device provided collapsed, thereby contributing to his fall and resulting injuries. Consequently, the claimant made a prima facie showing that the statute was violated and that said violation was a proximate cause of his injuries, thereby establishing entitlement to judgment as a matter of law on the issue of liability (see, Gordon v Eastern Ry. Supply Co., 82 NY2d 555; Place v Grand Union Co., 184 AD2d 817; La Lima v Epstein, 143 AD2d 886; Braun v Dormitory Auth., 118 AD2d 614). Further, although the defendant contends that the claimant was contributorily negligent, contributory negligence is not a defense to a violation of Labor Law § 240 (1) (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521, rearg denied 65 NY2d 1054; La Lima v Epstein, supra, at 888, citing Hauff v CLXXXII Via Magna Corp., 118 AD2d 485, 486). Santucci, J. P., Joy, McGinity and Luciano, JJ., concur.