■ FRED CLARK et al., Appellants, v 345 EAST 52ND ST. OWNERS, INC., et al., Respondents-Appellants, and MANHATTAN CABLE TELEVISION, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. K-ELECTRIC CORP. et al., Third-Party Defendants-Respondents. [666 NYS2d 207] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the

Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 18, 1996, as denied their motion for partial summary judgment on the issue of liability under Labor Law § 240, (2) the defendant third-party plaintiff Manhattan Cable Television, Inc., separately appeals, as limited by its "notice of cross-appeal", from so much of the same order as denied that branch of its separate motion which was for summary judgment against K-Electric Corp. and Test Communications Co. on the issue of common-law indemnification, and (3) the defendants 345 East 52nd St. Owners, Inc., and Brown, Harris, Stevens, Inc., cross-appeal from so much of the same order as denied their cross motion for summary judgment on the issue of common-law indemnification against K-Electric Corp., Manhattan Cable Television, Inc., Test Communications Co., and Queens Network Cable Corp.

Ordered that the appeal by Manhattan Cable Television, Inc., and the cross appeal by 345 East 52nd St. Owners, Inc., and Brown, Harris, Stevens, Inc., from so much of the order as denied those branches of their respective motion and cross motion which were for summary judgment against K-Electric Corp. are dismissed as academic, as the third-party action against K-Electric Corp. was dismissed by order of the Supreme Court, Orange County, dated April 2, 1997; and it is further,

Ordered that the order is modified, on the law, by (a) deleting therefrom the provision denying that branch of the cross motion of 345 East 52nd St. Owners, Inc. and Brown, Harris, Stevens, Inc., which was for a conditional judgment against Test Communications Co. and Queens Network Cable Corp. on the issue of common-law indemnification, and substituting therefor a provision granting that branch of the cross motion, and (b) deleting therefrom the provision denying that branch of the motion of Manhattan Cable Television, Inc., which was for a conditional judgment against Test Communications Co. on the issue of common-law indemnity, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants 345 East 52nd St. Owners, Inc., Brown, Harris, Stevens, Inc., and Manhattan Cable Television, Inc., appearing separately and filing separate briefs.

As part of a cable television rewiring project, the plaintiff Fred Clark was installing a cable television cable in the parking garage of a cooperative building, when the ladder on which he stood slipped to the floor, causing him injuries. This ladder

was not one of the ladders provided by the subcontractor Test Communications Co. (hereinafter TCC), but was one that Clark had found in the parking garage. In an affidavit, Clark stated that he used this ladder because he thought the TCC ladders had been taken away by his co-workers. To the contrary, Clark's supervisor, Gary Demaris, testified at an examination before trial that right after the incident he had seen the TCC ladders 15 feet away from the site of the incident, in the exact location where they had been unloaded that morning.

Clark commenced this action against the defendants 345 East 52nd St. Owners, Inc. (hereinafter 345 East 52nd), as the owner of the building; Brown, Harris, Stevens, Inc. (hereinafter Brown, Harris), as the managers of the building; and Manhattan Cable Television, Inc. (hereinafter Manhattan Cable), as the contractor of the rewiring project. Thereafter, a third-party action was commenced against contractor Queens Network Cable Corp. (hereinafter Queens Cable), and subcontractors K-Electric Corp. (hereinafter K-Electric) and Test Communications Co., seeking common-law indemnification. The trial court denied the plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 and also denied the cross motion of 345 East 52nd and Brown, Harris, and that branch of the motion of Manhattan Cable which were for summary judgment for common-law indemnification. Subsequently, by an order of the Supreme Court, Orange County, dated April 2, 1997, the third-party complaint was dismissed against K-Electric.

The trial court properly denied the plaintiffs' motion for partial summary judgment predicated upon Labor Law § 240, as issues of fact exist as to whether there was a violation of that statute and as to whether the plaintiff refused to use an available safety device (*see, Vona v St. Peter's Hosp.,* 223 AD2d 903).

The court erred, however, in denying those branches of the cross motion of 345 East 52nd and Brown, Harris which sought common-law indemnification. Those cross appellants have demonstrated their entitlement to conditional judgments on the issue of common-law indemnity, inasmuch as they have proven that they neither controlled nor directed the plaintiff's work (*O'Brien v Key Bank,* 223 AD2d 830; *Gange v Tilles Inv. Co.,* 220 AD2d 556, 558; *Richardson v Matarese,* 206 AD2d 354, 355; *see also, Kemp v Lakelands Precast,* 55 NY2d 1032; *McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208; *Sikorski v Springbrook Fire Dist.,* 225 AD2d 1041; *Kavanaugh v Marrano/Marc Equity Corp.,* 225 AD2d 1037; *Abramo v Pepsi-Cola Bottling Co.,* 224 AD2d 980).

In its appellate brief, Manhattan Cable has challenged so much of the order as denied that branch of its motion which was for summary judgment against Queens Cable on the issue of contractual indemnification. However, Manhattan Cable's "notice of cross-appeal" specified that the appeal was limited to that part of the order which denied that branch of its motion which was for summary judgment on the issue of common-law indemnity. "An appeal from only part of an order constitutes a waiver of the right to appeal from other parts of that order (CPLR 5515 [1]; *Christian v Christian,* 55 AD2d 613)" (*Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133; *see, City of Mount Vernon v Mount Vernon Hous. Auth.,* 235 AD2d 516). Accordingly, this claim is not properly before us.

The appellants' remaining contentions are unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Thompson and Krausman, JJ., concur.