■ RICHARD LIGHTFOOT et al., Appellants, v STATE OF NEW YORK, Respondent. [666 NYS2d 706] —In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Silverman, J.), dated October 9, 1996, which denied their motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, the claimants' motion is granted, and the matter is remitted to the Court of Claims for further proceedings.

The injured claimant was employed by a company which contracted with the defendant, State of New York (hereinafter the State), to paint bridges on certain State-owned roadways. He suffered personal injuries when he fell to the ground from atop a truck, which was used as a platform to paint the bridges, after the safety guardrail on the truck collapsed.

"In order to prevail on a Labor Law § 240 (1) claim, the claimant must show that the statute was violated and that this violation was a proximate cause of the claimant's injuries (*see, Skalko v Marshall's, Inc.,* 229 AD2d 569; *Bland v Manocherian,* 66 NY2d 452; *Anderson v Schul/Mar Constr. Corp.,* 212 AD2d 493)" (*Maroudas v State of New York,* 239 AD2d 321). In the instant case, the claimants demonstrated that the injured claimant's fall and resulting injuries occurred because the safety device provided collapsed. Thus, they made a prima facie showing that Labor Law § 240 (1) was violated, and that such violation was a proximate cause of his injuries, thereby establishing that they were entitled to judgment as a matter of law on the issue of liability (*Maroudas v State of New York, supra*).

Moreover, " 'the availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures' " (*Pritchard v Murray Walter, Inc.,* 157 AD2d 1012, 1013, quoting *Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 958-959). Thus, the State's evidence that the injured claimant was trying to adjust the safety guardrail immediately prior to its collapse does not raise a triable question of fact on the issue of liability. If he was injured in this manner, "the scaffold * * * was inadequate in and of itself to protect [him] against hazards encountered while [adjusting] that same scaffold", and additional safety devices were necessary to satisfy Labor Law § 240 (1) (*Pritchard v Murray Walter, Inc., supra,* at 1013).

Finally, no issue of fact exists as to the State's recalcitrant worker defense because there was no evidence that the injured claimant refused to use additional required safety devices which were provided on the date of the accident (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562-563; *see, Davis v Board of Trustees,* 240 AD2d 461; *cf., Jastrzebski v North Shore School Dist.,* 223 AD2d 677, *affd* 88 NY2d 946; *Watso v Metropolitan Life Ins. Co.,* 228 AD2d 883, 884-885). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.