■ ESTEBAN OSSORIO et al., Appellants-Respondents, v FOREST HILLS SOUTH OWNERS, INC., Respondent-Appellant, and FLORENTIA CONTRACTING COMPANY, INC., Respondent. (And Two Third-Party Actions.) [675 NYS2d 360] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated December 3, 1996, as denied that branch of their motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and the defendant Forest Hills South Owners, Inc., cross-appeals, as limited by its brief, from so much of the same order as, in effect, denied that branch of its cross motion which was for summary judgment on its cross claim for indemnification against the defendant Florentia Contracting Company, Inc.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Esteban Ossorio, who was employed to perform brick work on the facade of an apartment building, allegedly sustained injuries when the rope holding up the scaffold upon which he was standing broke, causing him to fall six stories to the ground. At his examination before trial, Ossorio stated that he did not remember with specificity how the fall occurred. However, a police report of the accident stated that Mr. Ossorio fell to the ground "after [the] rope from [the] scaffold broke". In contrast, an employee of the owner of the property, the defendant Forest Hills South Owners, Inc. (hereinafter Forest Hills), stated at his examination before trial that Mr. Ossorio had admitted to him that he had cut his own rope with the machine that he was using to cut bricks.

The Supreme Court correctly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Unlike those situations where a scaffold collapses for no apparent reason, thereby raising the presumption that the scaffold did not provide proper protection within the meaning of Labor Law § 240 (1), here there is a question of fact as to whether the injured plaintiff's fall was due to his own conduct in cutting

the rope (*see, Tweedy v Roman Catholic Church of Our Lady of Victory,* 232 AD2d 630; *Styer v Vita Constr.,* 174 AD2d 662).

Moreover, Forest Hills is not entitled to summary judgment on its cross claim for indemnification against the defendant Florentia Contracting Company, Inc., as issues of fact remain as to whether Florentia Contracting Company, Inc., was negligent in the supervision, direction, and control of Mr. Ossorio's work (*cf., Clark v 345 E. 52d St. Owners,* 245 AD2d 410; *Isnardi v Genovese Drug Stores,* 242 AD2d 672; *O'Brien v Key Bank,* 223 AD2d 830; *Gange v Tilles Inv. Co.,* 220 AD2d 556, 558; *Richardson v Matarese,* 206 AD2d 354, 355). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.