■ THOR H. BAHRMAN, Appellant, v HOLTSVILLE FIRE DISTRICT et al., Appellants-Respondents, and PABCO CONSTRUCTION CORP., Respondent. (And a Third-Party Action.) [704 NYS2d 660] —In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 15, 1999, as denied that branch of his motion which was for summary judgment on the issue of liability under Labor Law § 240 (1), and (2) the defendants Holtsville Fire District and Holtsville Fire Department appeal from so much of the same order as denied their cross motion for summary judgment against the defendant Pabco Construction Corp. on its cross claims for contractual indemnification.

Ordered that the appeal by the defendant Holtsville Fire Department is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff and the defendant Holtsville Fire District, without costs or disbursements.

The appeal by the defendant Holtsville Fire Department must be dismissed, as the action was discontinued as against that defendant by stipulation dated May 12, 1998.

The plaintiff commenced this action to recover damages for personal injuries based, inter alia, on an alleged violation of Labor Law § 240 (1). The plaintiff, a painter, was working on the second floor of the new Holtsville firehouse construction site. The design of the fire house required that a fire pole be placed through a hole in the floor connecting the first and

second levels of the building. The hole had been cut, but the pole was not yet installed when the plaintiff began his work on the second floor. The contractor, the defendant Pabco Construction Corp., had placed a plywood cover, purportedly marked with a large red "X", over the hole. The plaintiff testified that he had seen the hole from the first floor, but did not realize that the plywood on the second floor was being used as the hole's safety cover. While painting the walls of the second floor, the plaintiff found that he needed an additional drop cloth. Therefore, he grabbed the plywood cover and began to drag it to the area where he was working. In doing so, he fell through the hole, sustaining serious injuries.

The Supreme Court correctly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). To prevail on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must establish a violation of the statute and that the violation was a proximate cause of his injuries (*see, Bland v Manocherian,* 66 NY2d 452; *Skalko v Marshall's Inc.,* 229 AD2d 569). Unlike those situations in which a safety device fails for no apparent reason, thereby raising the presumption that the device did not provide proper protection within the meaning of Labor Law § 240 (1), here there is a question of fact as to whether the injured plaintiff's fall was due to his own misuse of the safety device and whether such conduct was the sole proximate cause of his injuries (*see, Tweedy v Roman Catholic Church of Our Lady of Victory,* 232 AD2d 630; *Anderson v Schul/Mar Constr. Corp.,* 212 AD2d 493; *Styer v Vita Constr.,* 174 AD2d 662).

Furthermore, the Supreme Court did not err in denying the Fire District's cross motion for summary judgment against the contractor, Pabco Construction Corp., on its cross claim for contractual indemnification, as the indemnification clause in the contract is not triggered until there is a definitive finding of negligence on the part of the contractor. Such a finding would be premature in light of the question of fact regarding the proximate cause of the accident. Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.