■ LOUIS LARDARO et al., Respondents, v NEW YORK CITY BUILDERS GROUP, INC., et al., Defendants and Third-Party

Plaintiffs-Appellants-Respondents, and FRANK MARTINO et al., Appellants. EASTERN ASSOCIATES, Third-Party Defendant-Respondent-Appellant. (And Another Title.) [706 NYS2d 174] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs New York City Builders Group, Inc., and G.J.F. Construction Corp. appeal, as limited by their brief, from (1) stated portions of an order of the Supreme Court, Kings County (Rappaport, J.), dated October 29, 1998, which, *inter alia*, granted that branch of the plaintiffs' motion which was for partial summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1), and granted that branch of the cross motion of the third-party defendant Eastern Associates which was for summary judgment dismissing so much of the third-party complaint as sought to recover damages based upon the alleged breach of a contractual indemnity provision by Eastern Associates, and (2) stated portions of an order of the same court, dated June 29, 1999, which, *inter alia*, upon granting that branch of their motion which was for renewal, adhered to the prior determination granting that branch of the plaintiffs' motion which was for partial summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1), and directed the parties to complete discovery of issues concerning damages within 90 days of the date of entry of that order. The defendant Frank Martino separately appeals from so much of the order dated October 29, 1998, as granted the plaintiffs' motion for summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1) and denied his cross motion to dismiss the complaint insofar as asserted against him. The defendant Visiting Nurse Service of New York separately appeals from the order dated October 29, 1998. The third-party defendant, Eastern Associates, appeals, as limited by its brief, from so much of the order dated June 29, 1998, as granted the motion of New York City Builders Group, Inc., which was for renewal and reargument of that branch of its cross motion which was for summary judgment dismissing the common-law indemnity claims asserted in the third-party action and, upon renewal and reargument, denied that branch of the cross motion.

Ordered that the appeal by Visiting Nurse Service of New York is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeals from so much of the order dated October 29, 1998, as granted that branch of the plaintiff's mo-

tion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) are dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated June 29, 1999, made upon renewal; and it is further,

Ordered that the order dated June 29, 1999, is modified by deleting the provisions thereof adhering to the court's prior determination granting that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and directing that the parties complete discovery within 90 days, and substituting therefor a provision that, upon renewal, that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) is denied; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Louis Lardaro was allegedly injured while installing ceiling grids. He lifted a plywood board in order to move his scaffold and fell through a hole in the floor. Lardaro had been unaware that the board was concealing the hole. The absence of any witnesses to the accident does not create an issue of fact because "the defendant[s have] not offered any evidence, other than mere speculation, to call into question the plaintiff's credibility" (*Masiello v Belcastro,* 237 AD2d 335). Further, Lardaro was subjected to an elevation-related risk (*see, Carpio v Tishman Constr. Corp.,* 240 AD2d 234; *Schneider v Hanover E. Estates,* 237 AD2d 274).

Nonetheless, there are issues of fact, *inter alia,* as to whether or not the board was painted with a "danger" warning in bright paint, as to whether nor not the board provided proper protection, and as to whether, under these circumstances, Lardaro's own actions were the sole proximate cause of the accident (*see, Weininger v Hagedorn & Co.,* 91 NY2d 958; *Bahrman v Holtsville Fire Dist.,* 270 AD2d 438; *Chacon v New York Univ.,* 258 AD2d 430; *Tweedy v Roman Catholic Church of Our Lady of Victory,* 232 AD2d 630).

The parties' remaining contentions are without merit. O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.