■ RONALD YORK, Appellant-Respondent, v ST. MARY'S R. C. CHURCH AT MANHASSET IN QUEENS COUNTY, Respondent-Appellant, and COMPETITION GLASS, INC., Respondent. [713 NYS2d 495] —In an action to recover damages for personal injuries, (1) the plaintiff appeals from an order of the Supreme Court, Suffolk County (Hall, J.), dated January 29, 1999, which denied his motion, *inter alia*, for summary judgment on the issue of liability and granted the cross motion of the defendant Competition Glass, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) the defendant St. Mary's R.C. Church at Manhasset in Queens County cross-appeals from so much of the same order as granted that branch of the motion of the defendant Competition Glass, Inc., which was for summary judgment dismissing the cross claims. The appeal brings up for review so much of an order of the same court, entered October 14, 1999, as, in effect, upon reargument, adhered to so much of the original determination as denied the plaintiff's motion for summary judg-

ment on the issue of liability and denied the cross motion of the defendant Competition Glass, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated January 29, 1999, is dismissed, as that order was superseded by the order entered October 14, 1999, made upon reargument; and it is further,

Ordered that the cross appeal is dismissed as academic, as that branch of the motion of the defendant Competition Glass, Inc., which was for summary judgment dismissing all cross claims was denied upon reargument; and it is further,

Ordered that the order entered October 14, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent-appellant and the respondent are awarded one bill of costs.

The evidence submitted does not exclude the possibility that some factor other than the alleged violation of Labor Law § 240 (1) might have been a proximate cause of the accident. Thus, the plaintiff failed to establish his entitlement to summary judgment as a matter of law on the issue of liability under that statute (*see, Weininger v Hagedorn & Co.,* 91 NY2d 958, 959; *Ramirez v Cablevision Sys. Corp.,* 271 AD2d 424; *Bahrman v Holtsville Fire Dist.,* 270 AD2d 438; *Gillette v VSA Dev. Corp.,* 255 AD2d 417). Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.