■ JAMES GONZALEZ, Appellant, v ANGLEBROOK LIMITED PARTNERSHIP et al., Defendants and Third-Party Plaintiffs-Appellants. DARBY MASONRY CORP., Third-Party Defendant-Respondent. [719 NYS2d 715] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered October 4, 1999, as denied his motion for partial summary judgment on the issue of liability on his cause of action to recover damages pursuant to Labor Law § 240 (1), and the third-party plaintiffs separately appeal, as limited by their brief, from so much of the same order as denied that branch of their separate motion which was for summary judgment on their cause of action for contractual indemnification against the third-party defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiff's motion for partial summary judgment on the issue of liability on his cause of action to recover damages pursuant to Labor Law § 240 (1). The plaintiff alleges that he fell while descending from the fourth to the third tier of a scaffold because there was no ladder in place between the two tiers. As there was contradictory deposition testimony regarding whether there was a ladder at that location, there remains an issue of fact to be determined by the jury (*see, Clark v 345 E. 52nd St. Owners,* 245 AD2d 410).

Furthermore, we agree with the Supreme Court that there are factual issues which preclude the granting of summary judgment on the third-party plaintiffs' cause of action for contractual indemnification. Accordingly, the Supreme Court properly denied that branch of their motion (*see, Soto v Alert No. 1 Alarm Sys.,* 272 AD2d 466; *cf., Kanarvogel v Tops Appliance City,* 271 AD2d 409). Bracken, Acting P. J., O'Brien, Santucci and Florio, JJ., concur.