■ MAUREEN HEFFERNAN, Appellant, v BAIS CORPORATION, Defendant and Third-Party Plaintiff-Respondent-Appellant, and EUROPEAN BUILDERS & CONTRACTORS CORP., Defendant and Third-Party Plaintiff-Respondent. DISCOVERY ELEVATOR CORPORATION et al., Third-Party Defendants-Respondents. (Action No. 1.) GERALD MALCOMSON, Appellant, v BAIS CORPORATION, Defendant and Third-Party Plaintiff-Respondent-Appellant, and EUROPEAN BUILDERS & CONTRACTORS CORP., Defendant and Third-Party Plaintiff-Respondent. DISCOVERY ELEVATOR CORPORATION et al., Third-Party Defendants-Respondents. (Action No. 2.) [742 NYS2d 119] —In two related actions, inter alia, to recover damages for personal injuries, the plaintiff in action No. 1 appeals, and the plaintiff in action No. 2 separately appeals, from so much of an order of the Supreme Court, Kings County (Hall, J.), dated August 10, 2000, as denied their separate motions for summary judgment on the issue of liability under Labor Law § 240 (1), and Bais Corpora-

tion, the defendant third-party plaintiff in both actions, appeals, as limited by its brief, from so much of the same order as (a) denied its motion for summary judgment on the third-party complaints in both actions insofar as asserted against the third-party defendant Discovery Elevator Corporation, and granted the cross motion of the third-party defendant Discovery Elevator Corporation for summary judgment dismissing the third-party complaint in action No. 2 insofar as asserted against it, and (b) denied its motion for summary judgment on the third-party complaints in both actions insofar as asserted against the third-party defendant Attro Construction Corporation and granted the cross motion of the third-party defendant Attro Construction Corporation for summary judgment dismissing the third-party complaint insofar as asserted against it in both actions.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant second third-party plaintiff-respondent European Builders & Contractors Corp. and the third-party defendant-respondent Attro Construction Corp., payable by the plaintiffs.

The plaintiffs in these separate actions, employees of the third-party defendant Discovery Elevator Corporation, a subcontractor, were installing guide rails in an elevator shaft in preparation for the installation of an elevator when, while working in the shaft at the sixth-floor level, their scaffold platform collapsed, causing them to fall 70 feet to the bottom of the shaft. Patrick Heffernan was killed in the fall and Gerald Malcomson was injured. Heffernan's estate and his surviving spouse commenced an action, inter alia, alleging violations of Labor Law § 240 (1) against Bais Corporation, the owner of the building in which the elevator was being installed, and European Builders and Contractors Corp., the general contractor. Malcomson commenced a separate action against the same defendants. Bais Corporation, in turn, brought third-party actions against the subcontractors Discovery Elevator Corporation, Attro Construction Corporation, and J.I.S. Construction.

The proof submitted by the parties on the motions indicates that in order to install the elevator guide rails in the elevator shaft, Heffernan and Malcomson constructed a scaffold by placing two 2 x 4s on the floor of the level where they were working, one on each side of the elevator shaft. They extended the 2 x 4s to the rear of the elevator shaft where their ends were placed into pockets which had been cut into the masonry of the

elevator shaft. Heffernan and Malcomson then laid three or four 2 x 8s perpendicularly across the 2 x 4s, approximately two feet from each other. Finally, a sheet of plywood was placed across the 2 x 8s to form the platform floor. The plywood was not secured to the 2 x 8s because it had to be removed each time one of the 400-pound guide rails was hoisted up from the floor of the elevator shaft to the level where Heffernan and Malcomson were working. As each guide rail was hoisted up, the men would stand outside the elevator shaft on the floor of the building. Once the guide rail reached the level where they were working, the men would replace the plywood over the 2 x 8s and step out onto the platform to install the rail. In this manner, the men completed installation of the elevator guide rails up to the sixth and highest floor of the building. However, after hoisting a guide rail for the sixth floor, Heffernan and Malcomson did not replace the plywood over the 2 x 8s to create a solid platform. Rather, they entered the elevator shaft and stood directly on the 2 x 8s. Heffernan stood on the 2 x 8 at the back of the elevator shaft and Malcomson stood on the 2 x 8 nearest the elevator door. As the men were positioning the guide rail for installation, the 2 x 8s failed and the platform collapsed. The men fell to the bottom of the elevator shaft.

The Supreme Court properly denied the plaintiffs' summary judgment motions predicated upon Labor Law § 240 (1). Although the collapse of a scaffold for no apparent reason will give rise to a presumption that it did not provide proper protection within the meaning of Labor Law § 240 (1) (see Ossorio v Forest Hills S. Owners, 251 AD2d 475; Tweedy v Roman Catholic Church of Our Lady of Victory, 232 AD2d 630), the defendants, inter alia, by the affidavit of an expert, raised a question of fact as to whether the failure of the scaffold to support the plaintiffs resulted solely from their own conduct in neglecting to replace the plywood over the 2 x 8 planks before stepping out into the elevator shaft (see Bahrman v Holtsville Fire Dist., 270 AD2d 438, 439; Styer v Vita Constr., 174 AD2d 662; Romano v Hotel Carlyle Owners Corp., 226 AD2d 441, 442). Where a reasonable factfinder might conclude that the plaintiffs' own actions were the sole proximate cause of the scaffold's collapse, the plaintiffs cannot prevail on motions for summary judgment under Labor Law § 240 (1) (see Weininger v Hagedorn & Co., 91 NY2d 958, 959; Skalko v Marshall's Inc., 229 AD2d 569, 570-571; Styer v Vita Constr., supra).

The Supreme Court also properly denied the motion of Bais Corporation (hereinafter Bais) for summary judgment on its third-party complaint insofar as asserted against the third-

party defendant Discovery Elevator Corporation (hereinafter Discovery), and properly granted Discovery's cross motion for summary judgment dismissing the third-party complaint insofar as asserted against it in action No. 2. Workers' Compensation Law § 11 bars a third-party action for contribution or indemnification against an employer when an employee is injured in a work-related accident, unless there is a "grave injury" within the meaning of the statute (see *Guijarro v V.R.H. Constr. Corp.*, 290 AD2d 485; *McCoy v Queens Hydraulic Co.*, 286 AD2d 425). "The term 'grave injury' as contained in Workers' Compensation Law § 11 has been described as a statutorily-defined threshold for catastrophic injuries, and it includes only those injuries listed in the statute and determined to be permanent" (*Dunn v Smithtown Bancorp*, 286 AD2d 701, 702). The Supreme Court correctly determined that Discovery met its burden of proving by competent evidence that Malcomson's injuries, although serious, did not rise to the level of "grave injury" within the meaning of Workers' Compensation Law § 11, and that Bais' opposition to the cross motion to dismiss the third-party complaint failed to demonstrate the existence of a triable issue of fact (see *Dunn v Smithtown Bancorp, supra*).

Finally, the Supreme Court properly denied Bais' motions for summary judgment on the issue of common-law indemnification against the third-party defendant Attro Construction Corp. (hereinafter Attro) and properly granted Attro's cross motions for summary judgment dismissing the third-party complaints in both actions insofar as asserted against it. Bais failed to demonstrate that Attro supervised or controlled the plaintiff's work or that Attro was actively negligent (see *Warnitz v Liro Group*, 254 AD2d 411; *Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 469; *Aragon v 233 W. 21st St.*, 201 AD2d 353, 354). Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.