■ SCOTT J. WOODS et al., Appellants-Respondents, v NANCY GONZALES, Respondent, and R.V. BUDGET HOME IMPROVEMENT, INC., Respondent-Appellant. [744 NYS2d 867] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated

November 17, 2000, as denied that branch of their cross motion which was for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and the defendant R.V. Budget Home Improvement, Inc., cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion of the defendant R.V. Budget Home Improvement, Inc., which was for summary judgment dismissing the cause of action pursuant to Labor Law § 200 insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the cause of action pursuant to Labor Law § 200 is dismissed insofar as asserted against the defendant R.V. Budget Home Improvement, Inc.

The Supreme Court properly denied that branch of the motion of the defendant R.V. Budget Home Improvement, Inc. (hereinafter R.V.), which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1), and that branch of the plaintiffs' cross motion which was for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). There are triable issues of fact concerning whether the conduct of the plaintiff Scott J. Woods was the sole proximate cause of the accident (see Bahrman v Holtsville Fire Dist., 270 AD2d 438; Tweedy v Roman Catholic Church of Our Lady of Victory, 232 AD2d 630; Bernal v City of New York, 217 AD2d 568). The Supreme Court also properly denied that branch of R.V.'s motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6), since the plaintiffs have raised triable issues of fact as to whether two specific Industrial Code provisions were violated (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494).

The plaintiffs do not dispute that R.V. is entitled to summary judgment dismissing the Labor Law § 200 claim insofar as asserted against it (see Russin v Picciano & Son, 54 NY2d 311). Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.