■ Rodrigo Alvarez, Appellant-Respondent, v Long Island Fireproof Door Co., Inc., et al., Respondents-Appellants. (Action No. 1.) Juan Mizquero, Appellant-Respondent, v Long Island Fireproof Door Co., Inc., et al., Respondents-Appellants. (Action No. 2.) [758 NYS2d 677] —In two related actions to recover damages for personal injuries, (1) the plaintiff in Action No. 1 and the plaintiff in Action No. 2 appeal from so much of an order of the Supreme Court, Queens County (Dye, J.), dated April 4, 2002, as denied their respective motions for summary judgment on the issue of liability as to their respective causes of action pursuant to Labor Law § 240 (1), and (2) the defendants in both actions cross-appeal, as limited by their brief, from so much of the same order as denied their cross motions for summary judgment dismissing the complaints in both actions.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

While replacing an electronic garage door opener at the defendants' premises, the plaintiffs allegedly sustained personal injuries when they fell to the ground from a platform which was about 10 to 12 feet above the ground. According to the plaintiff in Action No. 2, Juan Mizquero, he and the plaintiff in Action No. 1, Rodrigo Alvarez, fell to the ground after Mizquero leaned on a wooden guardrail, which then gave way. In their respective actions to recover damages for personal injuries, each plaintiff asserted causes of action pursuant to, inter alia, Labor Law §§ 200, 240 (1), and § 241 (6), as well as a cause of action alleging common-law negligence.

Contrary to the defendants' contention, they were not entitled to summary judgment dismissing the plaintiffs' respective causes of action pursuant to Labor Law § 240 (1), since the plaintiffs were engaged in repair work within the meaning of

that statute when they allegedly sustained their injuries (*see Guzman v Gumley-Haft, Inc.,* 274 AD2d 555, 556 [2000]; *Morales v City of New York,* 245 AD2d 431 [1997]; *Purdie v Crestwood Lake Hgts. Section 4 Corp.,* 229 AD2d 523, 525 [1996]), and the guardrail which allegedly gave way was a safety device (*see Lightfoot v State of New York,* 245 AD2d 488, 489 [1997]; *Maroudas v State of New York,* 239 AD2d 321 [1997]). Nor are the defendants entitled to summary judgment dismissing the plaintiffs' respective causes of action alleging common-law negligence and violations of Labor Law § 200, since a triable issue of fact exists as to whether the defendants had actual or constructive notice of an allegedly dangerous condition on the premises (*see Shipkoski v Watch Case Factory Assoc.,* 292 AD2d 589, 590 [2002]; *Hernandez v Board of Educ. of City of N.Y.,* 264 AD2d 709 [1999]; *Akins v Baker,* 247 AD2d 562 [1998]).

Similarly, the Supreme Court properly denied the plaintiffs' respective motions for summary judgment on the issue of liability on their respective causes of action pursuant to Labor Law § 240 (1), since a triable issue of fact exists, inter alia, as to whether the plaintiffs removed the railing from the platform before the accident, and therefore, whether their actions were the sole proximate cause of the accident (*see Wagner v Skanska Constr. Co.,* 289 AD2d 324, 325 [2001]; *York v St. Mary's R.C. Church at Manhasset in Queens County,* 275 AD2d 743, 744 [2000]).

The defendants' remaining contentions are without merit. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.