■ GARY BRANDL et al., Respondents, v RAM BUILDERS, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [777 NYS2d 511]—

In an action to recover damages for personal injuries, etc., the defendant Ram Builders, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated March 10, 2003, as granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied its cross motion for summary judgment dismissing that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff stepped backwards into an unprotected opening in the floor of a home he was renovating and fell from the ground floor to the basement. The plaintiffs established their prima facie entitlement to summary judgment on the issue of liability pursuant to Labor Law § 240 (1) by submitting evidence that the injured plaintiff fell through an uncovered opening, that no safety device was in place to protect him from the uncovered opening and that this violation was the proximate cause of the injuries he allegedly sustained (*see Peter v Nisseli*

*Realty Co.,* 300 AD2d 289 [2002]). Contrary to the appellant's contention, the accident was the result of an elevation-related hazard within the meaning of Labor Law § 240 (1) (*see Rocovich v Consolidated Edison Co.,* 78 NY2d 509 [1991]; *Lardaro v New York City Bldrs. Group,* 271 AD2d 574 [2000]; *Carpio v Tishman Constr. Corp. of N.Y.,* 240 AD2d 234 [1997]). Moreover, the injured plaintiff's actions cannot be considered the sole proximate cause of the accident (*see Clark v Fox Meadow Bldrs.,* 214 AD2d 882 [1995]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied the appellant's cross motion for summary judgment dismissing that cause of action.

The appellant's remaining contentions are without merit. Florio, J.P., Townes, Cozier and Mastro, JJ., concur.