■ RAUL LINARES, Respondent, v UNITED MANAGEMENT CORP. et al., Respondents-Appellants, REFUSE SYSTEMS CORP. et al., Appellants-Respondents, et al., Defendant. [791 NYS2d 165]—

In an action to recover damages for personal injuries, (1) the defendants Refuse Systems Corp. and Burnside Coal & Oil Co., Inc., appeal from an order of the Supreme Court, Kings County (Barasch, J.), entered June 25, 2004, which, inter alia, in effect, denied that branch of the cross motion of the defendants United Management Corp. and 250 East 65th Street Condominium which was for summary judgment against them on a cross claim for common-law indemnification, and denied their motion for summary judgment dismissing all cross claims asserted against them by the defendants United Management Corp. and 250 East 65th Street Condominium, and (2) the defendants United Management Corp. and 250 East 65th Street Condominium cross-appeal from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the Labor Law § 200 and negligence causes of action insofar as asserted against them.

Ordered that the appeal by Refuse Systems Corp. and Burnside Coal & Oil Co., Inc., from so much of the order as, in effect, denied that branch of the cross motion of the defendants United Management Corp. and 250 East 65th Street Condominium which was for summary judgment against them on a cross claim for common-law indemnity is dismissed, as they are not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the

defendants Refuse Systems Corp. and Burnside Coal & Oil Co., Inc., which was for summary judgment dismissing all cross claims asserted against them by the defendants United Management Corp. and 250 East 65th Street Condominium and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and to the defendants Refuse Systems Corp. and Burnside Coal & Oil Co., Inc.

The plaintiff, an employee of a firm retained by the defendants Refuse Systems Corp. and Burnside Coal & Oil Co., Inc. (hereinafter collectively Refuse), to replace a trash compactor in a building owned by the defendants United Management Corp. and 250 East 65th Street Condominium (hereinafter collectively United), allegedly was injured when an aerosol can caught fire and exploded in the compactor room while the plaintiff was using an acetylene torch to dismantle the old compactor. This action was initially commenced against, among others, both United and Refuse, but the plaintiff subsequently discontinued the action against Refuse, with prejudice. As a result, Refuse remains in this action only by virtue of the cross claims asserted against it by United.

Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees with a safe place to work (*see Jock v Fien*, 80 NY2d 965, 967 [1992]). The statute applies, inter alia, to owners and contractors who either created a dangerous condition or had actual or constructive notice of it (*see e.g. Gonzalez v City of New York*, 304 AD2d 709, 710-711 [2003]). The Supreme Court properly declined to dismiss the plaintiff's negligence and Labor Law § 200 causes of action insofar as asserted against United. In opposition to United's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether United had notice of the allegedly dangerous condition which caused the plaintiff's accident (*see Abayev v Jaypson Jewelry Mfg. Corp.*, 2 AD3d 548 [2003]; *Oganessian v Eternal Mems.*, 305 AD2d 387 [2003]; *Alvarez v Long Is. Fireproof Door Co.*, 305 AD2d 343 [2003]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 589 [2002]).

However, the Supreme Court should have dismissed United's cross claims against Refuse which were based on theories of contractual indemnity, breach of contract, common-law indemnification, and contribution. As to the cross claims founded on contractual indemnification and breach of contract, Refuse

established its prima facie entitlement to judgment as a matter of law by demonstrating that the "Sale Proposal" entered into with United contained neither an indemnification provision nor a provision requiring Refuse to name United as an additional insured on its general liability insurance policy (*see Lipshultz v K & G Indus.*, 294 AD2d 338 [2002]; *Monahan v Turner Constr. Co.*, 199 AD2d 481 [1993]). As United failed to controvert this evidence, those cross claims should have been dismissed.

As to the remaining cross claims based on theories of common-law indemnification and contribution, Refuse established its prima facie entitlement to judgment as a matter of law by demonstrating that it did nothing more than retain the plaintiff's employer, an independent contractor, to remove the existing trash compactor and install a new one. The agreement between Refuse and the plaintiff's employer was oral, and Refuse provided no instructions as to how to perform the work, exercised no supervision or control over the work, and provided no materials or tools in connection therewith. In opposition, United failed to raise a triable issue of fact regarding Refuse's alleged negligence in causing the accident. Absent any evidence of wrongdoing on Refuse's part arising out of a duty of care owed either to the plaintiff or to United, the cross claims based on common-law indemnification and contribution must be dismissed (*see Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 272 AD2d 818, 822 [2000] ["key element of common-law indemnification is the duty which arises from the principle that every person is accountable for the consequences of his or her own negligence"]; *Sutherland v Hallen Constr. Co.*, 183 AD2d 887, 890 [1992] [contribution claim lies where the alleged wrongdoer breaches a duty of care owed either to the injured party or to the codefendant]; *see also* CPLR 1401). S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.