■ CHARLES CICALO, Respondent, v LONG ISLAND RAIL ROAD, Appellant. [21 NYS3d 724]—

In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Queens County (Strauss, J.), entered January 30, 2014, which, upon a jury verdict, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

On July 5, 2005, in the course of his employment with the defendant, Long Island Rail Road, the plaintiff was operating a shuttlewagon, which is a vehicle used to move trains and equipment around a rail yard and into a repair shop. The plaintiff

allegedly was injured when the shuttlewagon derailed. The plaintiff subsequently commenced this action to recover damages for personal injuries, and the case proceeded to a jury trial on the issue of liability. The jury rendered a verdict in favor of the plaintiff, and the defendant appeals.

Two investigation reports were generated as a result of this accident. One was prepared by the defendant itself, and the other was prepared by a separate entity, Dependable Hydraulic and Hydrostatic Service (hereinafter Dependable). Redacted copies of both reports were admitted into evidence at trial. The defendant objected to the admission of the Dependable report, but did not object to the admission of its own report. On appeal, the defendant contends that the Supreme Court erred in admitting the Dependable report, as the plaintiff failed to lay the requisite foundation pursuant to the business records exception to the hearsay rule.

Even assuming that the admission into evidence of the Dependable report was error (*see Hochhauser v Electric Ins. Co.*, 46 AD3d 174 [2007]), the defendant's failure to object to the admission of its own report, which reproduced and discussed all of the findings of the Dependable report, renders any such error harmless (*see Rizzuto v Getty Petroleum Corp.*, 289 AD2d 217 [2001]; *Anderson v Schul/Mar Constr. Corp.*, 212 AD2d 493 [1995]). Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.