■ DORIS FIGUEROA, Appellant, et al., Plaintiff, v JOSEPH KOZMINSKY, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County, entered December 14, 1976, as is in favor of defendant and against her, upon a jury verdict. Judgment reversed insofar as appealed from, on the law and in the interest of justice, and new trial granted, with costs to abide the event. An automobile owned and operated by the plaintiff husband collided with an automobile owned and operated by the defendant. The plaintiff wife was a passenger in her husband's car, and she sued the defendant to recover damages for

personal injuries. The plaintiff husband sought damages for personal injuries and for medical expense and loss of services. At the trial the principal question was whether the traffic light at the intersection was in favor of the plaintiffs or in favor of the defendant. It appears that defendant made a claim against the plaintiff husband to recover for property damages arising from the accident, which claim was settled for $800. In a conference, not in the presence of the jury, the trial court ruled that it would not permit any revelation of that fact to the jury. Despite that, and in direct violation of the court's ruling, defense counsel asked the defendant: "Then did there come a time that your claim was disposed of", to which the answer was "Yes, sir". He then asked the further question: "And were you satisfied with the disposition", to which defendant answered "I accepted it, sir." Defense counsel's lame excuse for his conduct was that although the court had ruled that he could not elicit the fact that his client's property damage claim "was settled for $800", he could bring out the fact that "the case was disposed of". We cannot condone such conduct. Since the issue of liability was extremely close and could very well have been turned against the injured plaintiff passenger by the revelation of the payment of an undisclosed amount by or on behalf of the plaintiff husband to the defendant, plaintiffs' motion for a mistrial should have been granted. We therefore reverse, in the interest of justice, and order a new trial. Were it not for the instance above set forth, we would affirm for we find the other points urged by the plaintiff-appellant to be without merit. Hopkins, J. P., Shapiro and Suozzi, JJ., concur; Mollen, J., dissents and votes to affirm the judgment, with the following memorandum: I do not condone the action of defendant's counsel in pursuing his redirect examination of a witness in a manner which was inconsistent with the spirit of the trial court's prior ruling and admonition. However, the incident involved two relatively innocuous questions on a collateral and irrelevant issue. Furthermore, plaintiffs' counsel failed to object to either of the questions at the time they were asked. After the second question was answered plaintiffs' counsel belatedly began to note his objections and the Trial Judge immediately directed the striking of that testimony. Thereafter, outside the presence of the jury, plaintiffs' counsel requested a mistrial, which request was denied. The entire court is in agreement that the trial was otherwise unexceptionable, and that the court's charge was fair and correct as to the applicable law. The parties have had their day in court and they have received a fair trial. Under all of the circumstance, I find no basis whatsoever for a reversal.