■ CARMINE PICCIOTTO et al., Appellants, v MOLLOY COLLEGE, Defendant and Third-Party Plaintiff-Respondent. DOMINICK MILONE, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered July 8, 1985, which is in favor of the defendant and against them, upon a jury verdict.

Ordered that the judgment is affirmed, with one bill of payable costs by the plaintiffs.

This suit arose out of an alleged accident wherein the plaintiff, Carmine Picciotto, a worker employed by the third-party defendant, fell from a scaffold while employed on the premises owned by the defendant. At trial, Mr. Picciotto alleged that the board on the scaffold upon which he was standing fell off of the framework because it was one foot

shorter than it should have been. However, the defendant contested this claim by submitting the testimony of Gilbert Warner, its job foreman and an expert on scaffolding. He testified that a scaffold would not be made any less stable by a board that was short by one foot. Mr. Werner's testimony was buttressed by his description of how the board was secured and by the testimony of William J. Milone, the superintendent in charge of Mr. Picciotto at the time of the accident, who said that he had mounted the scaffold prior to its use by Mr. Picciotto and had found it to be secure.

Labor Law § 240 imposes absolute liability upon an owner for injuries sustained by a worker on its premises as a result of scaffolding that did not provide the worker proper protection. This liability is wholly independent of the owner's actual supervision or control of the workplace (*Haimes v New York Tel. Co.,* 46 NY2d 132; *Lindner v Kew Realty Co.,* 113 AD2d 36). The statute is to be liberally construed and the contributory negligence of the worker is not a defense (*Quigley v Thatcher,* 207 NY 66; *Koenig v Patrick Constr. Corp.,* 298 NY 313; *Joyce v Rumsey Realty Corp.,* 17 NY2d 118). In the case at bar, the plaintiffs failed to establish that the scaffold did not give Mr. Picciotto proper protection; therefore, the jury determination and the trial court's denial of a motion to set aside the verdict were based upon a fair interpretation of the evidence (CPLR 4404; *Yandian v Merlis,* 34 AD2d 582; *Nazito v Holton,* 96 AD2d 550; *see also, Cohen v Hallmark Cards,* 45 NY2d 493).

Finally, the plaintiffs' claim that the trial court's instructions to the jury were erroneous has not been preserved for appellate review (CPLR 4110-b; *Williams v City of New York,* 101 AD2d 835). Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.