■ ANNETTE D. MEISELMAN, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent.—In an action to recover damages for breach of a homeowner's insurance policy, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Suffolk County (Copertino, J.), entered September 12, 1988, which, upon a jury verdict, is in her favor and against the defendant in the principal sum of $23,531.64.

Ordered that the judgment is affirmed, with costs.

In December 1984 the plaintiff's Westhampton home was burglarized and set on fire. The house was covered under a homeowner's insurance policy issued by the defendant Allstate Insurance Company (hereinafter Allstate). The plaintiff

and Allstate agreed on a settlement sum of $40,035.27 to repair the house from the fire damage. Allstate paid the plaintiff this sum less the $250 deductible and $4,226.24 which Allstate retained as a "holdback" to be paid once the repairs were completed. The insurance policy also contained a provision by which Allstate would compensate the plaintiff for lost rental income "while the part of the residence premises you rent to others, or hold for rental, is inhabitable".

Since Allstate and the plaintiff could not agree on any other settlement amounts, the plaintiff commenced the instant action seeking, *inter alia*, the payment of the "holdback", $35,000 for lost rental income, and $207,603 as compensation for the willful failure of Allstate to pay the plaintiff's claim on a timely basis. The trial court, before its charge to the jury, granted Allstate's motion to dismiss the cause of action which alleged willful failure by Allstate to settle the claim, because the plaintiff had failed to show "bad faith" on the part of Allstate. The jury returned a verdict which, *inter alia,* did not grant the plaintiff the payment of the "holdback" and the lost rental income. The plaintiff appeals, alleging that the jury's verdict is against the weight of the evidence and that, therefore, she should have been awarded a larger sum of money.

A jury's verdict will not be deemed against the weight of the evidence unless the jury could not have reached that verdict upon any fair interpretation of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Nicastro v Park,* 113 AD2d 129). Considering the plain language of the insurance policy and the testimony presented at the trial, we find that the jury's verdict is not against the weight of the evidence. Regarding the lost rental income, the testimony revealed that the house was indeed "habitable" for the summer of 1985 since the plaintiff, her daughter and some friends used the house that summer. As such, pursuant to the plain language of the insurance policy, the jury could have found that since the house was *not* inhabitable, Allstate was not liable for lost rental income. In regard to the "holdback", although we find that Allstate improperly retained the holdback under the insurance policy, we nevertheless conclude that the jury could have determined that the plaintiff is not entitled to an award of this sum since she had not completed $13,365.06 worth of the scheduled repairs on the house.

Furthermore, the trial court properly dismissed the plaintiff's cause of action which alleged that Allstate willfully failed to pay her claim. At trial, the plaintiff presented no proof at all to establish that Allstate acted dishonestly or

disingenuously in failing to settle the claim on a timely basis and therefore she failed to support this cause of action *(see, Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437, *cert denied* 410 US 931).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.