■ THOMAS MILLER et al., Appellants, v LONG ISLAND LIGHTING Co., Respondent, et al., Defendants.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered May 17, 1988, which, upon a jury verdict, and a ruling denying their motion to set aside the verdict, is in favor of the respondent and against them.

Ordered that the judgment is affirmed, with costs.

On March 24, 1980, the plaintiff Thomas Miller allegedly fell from a ladder while working in the turbine room of the Shoreham Nuclear Power Station, then under construction. He testified that he had been working on "clean-up" on a steel platform above the turbines and fell as he attempted to descend an attached steel vertical ladder. His credibility was impeached on cross-examination with prior inconsistent descriptions of the length of the ladder, varying from 8 feet to 40 feet. A safety engineer retained by the defendant Long Island Lighting Co. (hereinafter LILCO) at the time of the accident testified that the turbines were approximately 6 to 7 feet above ground level, whereas the two steam condensers were approximately 14 to 15 feet high. The injured plaintiff had testified that the top of the turbines was 15 to 18 feet high. It was only during the plaintiffs' rebuttal case that the injured plaintiff testified that he had been working on the steam condenser, as opposed to the turbines, before he fell. No eyewitness testimony was presented at the trial.

Contrary to the plaintiffs' contention, they failed to establish at trial their entitlement to judgment as a matter of law under Labor Law § 240 (1). Labor Law § 240 (1) requires, in pertinent part, that owners must "furnish or erect, or cause to be furnished or erected * * * ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection" to the workers using them. This statute imposes absolute liability on an owner who fails to provide or erect safety devices which were needed to protect a worker if a worker sustains an injury which is proximately caused by such a failure *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513).

Although the plaintiffs' expert testified that the ladder described by the injured plaintiff did not meet with certain administrative safety standards, those regulatory provisions are merely some evidence on the issue of liability and are by no means conclusive *(see, Long v Forest-Fehlhaber,* 55 NY2d 154; *Blair v Rosen-Michaels, Inc.,* 146 AD2d 863). Inasmuch as there are no specific statutory requirements with respect to what constitutes a violation of Labor Law § 240 (1), the issue of whether "proper protection" had been provided was an issue of fact for the jury *(see, Kalofonos v State of New York,* 104 AD2d 75, 78). Significantly, the expert did not inspect the ladder himself. Rather, his opinion was based on the testimony of the injured party who was the sole witness to testify as to the salient facts *(see, e.g., Antunes v 950 Park Ave. Corp.,* 149 AD2d 332; *Vitti v Maloney,* 109 AD2d 836). Moreover, assuming, arguendo, that the subject ladder did not offer proper protection, the plaintiffs still had to establish that the absence of such safety devices on the 15-foot ladder was the proximate cause of the injured plaintiff's fall *(see generally, Duda v Rouse Constr. Corp.,* 32 NY2d 405; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468).

As the resolution of issues regarding the credibility of both expert and lay witnesses and the accuracy of their testimony are matters peculiarly within the province of the jury, the trial court did not err in refusing to direct judgment in the plaintiffs' favor on the issue of whether a Labor Law § 240 (1) violation occurred.

We also find that, in the light of the vague and sometimes contradictory trial testimony, the trial court's denial of a motion to set aside the verdict was based upon a fair interpretation of the evidence *(see,* CPLR 4404; *Picciotto v Molloy Coll.,* 129 AD2d 619, 620).

The plaintiffs' claim on appeal that the court's charge on comparative negligence "did not go far enough" has not been preserved for appellate review (CPLR 4110-b). Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.