■ GERALDINE BRODEUR et al., Appellants, v THOMAS L. COOPER et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered April 5, 1990, which, upon a jury verdict on the issue of liability finding that the plaintiff Geraldine Brodeur failed to establish that she suffered an injury to her neck in the motor vehicle accident with the defendant Mark A. Cooper, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with costs.

On June 25, 1984, the plaintiff Geraldine Brodeur was sitting in her stationary vehicle when it was struck from behind by a vehicle operated by the defendant Mark A. Cooper. The left front portion of Cooper's vehicle struck the rear right fender of Brodeur's car. Cooper testified that he was traveling at a rate below 10 miles per hour at the moment of impact. It was more than four years after the accident that Brodeur underwent an operation to remove a disk and fuse two vertebrae in her cervical spine. The evidence disclosed that Brodeur had been born with a congenital block vertebra in her neck located directly above the disk which was subsequently removed. The defendants proffered evidence at trial showing that the degeneration of the disk which was subsequently removed was caused, *inter alia,* by the extra stress of the congenital block and the onset of osteoarthritis of the neck.

The jury found that the accident was not the "competent

producing cause" of the injury to Geraldine Brodeur's neck which resulted in the subsequent operation "to fuse C-5 and C-6 in her cervical spine".

The plaintiffs' claims of error with respect to the trial court's charge to the jury and the first interrogatory of the special verdict sheet have not been preserved for appellate review (see, Harris v Armstrong, 64 NY2d 700). In consequence of the plaintiffs' failure to register any protest to the court's charge to the jury, the law as stated in that charge became the law applicable to the determination of the rights of the parties in this litigation (see, Up-Front Indus. v U. S. Indus., 63 NY2d 1004) and thus established the legal standard by which the jury verdict must be judged (see, Harris v Armstrong, supra).

We reject the plaintiffs' argument that the verdict was against the weight of the evidence. A jury verdict is not to be set aside unless the jury could not have reached its verdict upon any fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Meiselman v Allstate Ins. Co., 166 AD2d 562, 563).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.