■ ROBERT YELLITZ et al., Appellants, v BROOKLYN UNION GAS COMPANY, Defendant and Third-Party Plaintiff-Respondent. PROFESSIONAL CONTRACTING METHODS, Third-Party Defendant-Respondent. [661 NYS2d 36] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Barron, J.), entered July 25, 1996, which, after a jury trial, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

In order to prevail in an action to recover damages based upon an alleged violation of Labor Law § 240 (1), a plaintiff must prove that the statute was violated and that such violation was the proximate cause of the plaintiff's injuries *(see, Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410; *see also, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Bland v Manocherian,* 66 NY2d 452; *Keane v Sin Hang Lee,* 188 AD2d 636; *Liverio v Clover Leaf 82 Assocs.,* 186 AD2d 308, 309; *Miller v Long Is. Light. Co.,* 166 AD2d 564; *Amedure v Standard Furniture Co.,* 125 AD2d 170, 172; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468, 470-471; *Ryan v Cenci,* 95 AD2d

963, 964). Contrary to the plaintiffs' contention, the issue of proximate cause may be a separate question of fact *(see, Landry v Di Sarro Constr. Co.,* 149 AD2d 859, 861, *affd* 74 NY2d 940; *Avner v 93rd St. Assn.,* 147 AD2d 414; *Bauder v First Fed. Sav. & Loan Assn.,* 128 AD2d 822). Accordingly, where the plaintiff was the only person to have witnessed the accident, the question of whether the accident was proximately caused by the violation of Labor Law § 240 was an issue of fact to be determined by the trier of fact *(see, Russell v Rensselaer Polytechnic Inst.,* 160 AD2d 1215, 1216; *Parsolano v County of Nassau,* 93 AD2d 815, 817).

Further, the resolution of issues regarding the credibility of both expert and lay witnesses and the accuracy of their testimony are matters peculiarly within the province of the jury *(see, Miller v Long Is. Light. Co., supra,* at 565; *Norfleet v New York City Tr. Auth.,* 124 AD2d 715, 716; *Sheps v Hall & Co.,* 112 AD2d 281; *Chodos v Flanzer,* 109 AD2d 771). In light of the vague and sometimes contradictory trial testimony, the trial court's denial of the plaintiffs' motion to set aside the verdict was not improper *(see,* CPLR 4404; *Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Brodeur v Cooper,* 182 AD2d 666; *Miller v Long Is. Light. Co., supra; Picciotto v Molloy Coll.,* 129 AD2d 619, 620).

The plaintiffs' remaining contention is unpreserved for appellate review and, in any event, is without merit. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.