■ STACHNIK MARINA, LTD., et al., Respondents, v COMMERCIAL UNION INSURANCE COMPANY, Appellant. [692 NYS2d 727] —In an action to recover on an insurance contract for damage to a speedboat, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), entered May 1, 1998, which, after a jury trial in which the jury returned a verdict in favor of the plaintiffs and against it in the principal sum of $50,000, (1) granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law and (2) is in favor of the plaintiffs and against it in the principal sum of $140,493.75.

Ordered that the order and judgment is modified by (1) deleting from the first decretal paragraph all words after the phrase "is hereby set aside," and substituting therefor the words "and a new trial is granted" and (2) deleting the second decretal paragraph thereof; as so modified, the order and judgment is affirmed.

On July 27, 1993, the plaintiff Stachnik Marina, Ltd., d/b/a Remsenburg Marina (hereinafter Stachnik), a boat dealer, was performing sea trials on a speedboat, which it had contracted to sell for $149,493.95. The boat hit a submerged object and sank. Pursuant to the insurance contract between Stachnik and the defendant, the defendant was obligated to repair or restore the boat to its "original condition", but liability was limited to the lesser of the invoice cost or the cost of replacement. The only issue at trial was the amount of damages. The plaintiffs' experts testified that as a result of the damage and submersion, inter alia, the structural integrity of the hull was compromised, the interior, instruments and electrical system had to be completely replaced and the performance engines could not be repaired. Thus, the plaintiffs' experts testified that the boat could not be restored to its original condition. Defense experts testified that the boat could be restored to its original condition for between $25,000 and $32,000.

The jury returned a verdict in favor of the plaintiffs for $50,000, which is approximately twice the estimation of the repair costs made by the defendant's expert. The Supreme Court set aside the verdict and entered a judgment in favor of the plaintiffs in the principal sum of $140,493.75, the invoice price, stating that it found the plaintiffs' experts "highly credible" and the defendant's experts not credible.

On a postverdict motion for judgment as a matter of law (*see,* CPLR 4404 [a]), the trial court must determine from the evidence presented at trial whether any rational basis exists for the conclusion on liability reached by the jury (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Palermo v Gambitsky,* 92 AD2d 1005, 1006). We agree that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards, supra,* at 499; *Mirand v City of New York,* 84 NY2d 44, 48-49). Moreover, as noted by the Supreme Court, the jury apparently submitted a compromise verdict, as the award was neither comparable to the defendant's estimation of repairs or the invoice price pursuant to contract.

However, we disagree with the Supreme Court that the testimony of the defendant's expert witnesses was incredible (*see, Yellitz v Brooklyn Union Gas Co.,* 242 AD2d 270, 271). Accordingly, a new trial on the issue of damages is granted. Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.