■ KARIN GIBBONS, Appellant, v ALEXANDER S. OSTROW et al., Respondents. [705 NYS2d 274] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Martin, J.), entered December 10, 1998, which, upon a jury verdict finding that the defendant Alexander S. Ostrow was not negligent in the happening of the accident, is in favor of the defendants dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A jury verdict may be set aside as against the weight of the evidence only where the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d

129). Contrary to the plaintiff's contention, the verdict that the defendant Alexander S. Ostrow was not negligent in the operation of his motor vehicle was not against the weight of the evidence. There is also no merit to the plaintiff's contention that improper evidence was presented to the jury by the defendant's counsel during his questioning of a witness (*see generally, Figueroa v Kozminsky,* 59 AD2d 521).

The plaintiff's claim with respect to the instructions to the jury is unpreserved for appellate review (*see, Harris v Armstrong,* 64 NY2d 700; *Brodeur v Cooper,* 182 AD2d 666). Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.