■ VICTOR HIRSCH, Appellant, v GREENRIDGE ASSOCIATES, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents. A&B HEATING & AIR CONDITIONING, INC., Third-Party Defendant. [809 NYS2d 557]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated January 6, 2005, as denied that branch of his motion which was for summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff moved, inter alia, for partial summary judgment on the issue of liability under Labor Law § 240 (1). In his affida-

vit submitted in support of the motion, the plaintiff alleged that the ladder he was using slipped from under him, causing him to fall and sustain serious injuries. He further alleged that the surface available for placing the ladder was "dirty, rocky and somewhat uneven." The Supreme Court denied that branch of the motion, finding that, as no depositions had yet been held, it would be premature to grant summary judgment on the issue of liability under Labor Law § 240 (1) at this stage of the proceedings. We agree.

Where, as here, the movant is the sole witness to the accident, "the denial of summary judgment is appropriate . . . as the salient facts are exclusively within [the movant's] knowledge and his credibility is placed in issue" (*Donohue v Elite Assoc.*, 159 AD2d 605, 606 [1990]; *see Yellitz v Brooklyn Union Gas Co.*, 242 AD2d 270, 271 [1997]; *Antunes v 950 Park Ave. Corp.*, 149 AD2d 332, 333 [1989]; *Parsolano v County of Nassau*, 93 AD2d 815, 817 [1983]; *cf. Klein v City of New York*, 89 NY2d 833, 834 [1996]; *Miller v Long Is. Light. Co.*, 166 AD2d 564, 565 [1990]). Therefore, the court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability under Labor Law § 240 (1). Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.