■ Marian Woszczyna, Respondent, v BJW Associates et al., Appellants, et al., Defendant. [820 NYS2d 289]—

In an action to recover damages for personal injuries, the defendants BJW Associates, Winter Management Corp., and Benjamin J. Winter appeal (1) from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated May 13, 2004, as granted the plaintiff's motion for partial summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against them and (2), as limited by their brief, from so much of an order of the same court dated March 22, 2005, as denied that branch of their motion which was for leave to renew their opposition to the plaintiff's prior motion.

Ordered that the order dated May 13, 2004, is reversed insofar as appealed from, on the law, and the plaintiff's motion is denied; and it is further,

Ordered that the appeal from the order dated March 22, 2005, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In order to establish prima facie entitlement to judgment as a matter of law on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must provide evidence that the statute was violated and that the violation was the proximate cause of his or her injuries (*see Lightfoot v State of New York,* 245 AD2d 488, 489 [1997]; *Yellitz v Brooklyn Union Gas Co.,* 242 AD2d 270 [1997]). In his affidavit submitted in support of his motion, the plaintiff alleged, inter alia, that while standing "on the second level of a pipe scaffold," the scaffold shifted, causing him to lose his balance, he lost control of the electric grinder he was using to cut old pipes protruding from the building in which he was working, the grinder struck him in the face, and he fell to the ground. The plaintiff further alleged that the scaffold had only a single plank laid across a metal frame on which to stand and that the plank was not secured to the scaffold.

The plaintiff also submitted the deposition testimony of William Miranda, the owner of the defendant Twin Scaffold, Inc. (hereinafter TSI), which was retained by a nonparty, AM & G Waterproofing (hereinafter AM & G), the plaintiff's employer, to erect the scaffolding. Miranda testified, inter alia, that at the time of the accident, the erection of the scaffold was not yet complete, that no one from AM & G used the scaffold before the accident, and that pursuant to TSI's contract with AM & G, the scaffold which TSI was hired to build was to be five to six stories high containing planked platforms upon which workers could stand only at the top two levels. Miranda also testified that if someone fell from the scaffolding they would have fallen either inside the scaffolding structure or onto a piece of plywood covering a skylight, not on the ground. Miranda further testified that no TSI employees witnessed the accident. Indeed, the record reveals that the plaintiff was the sole witness to the accident.

Where, as here, the movant was the sole witness to the accident and his credibility has been placed in issue, the granting of partial summary judgment in favor of the plaintiff on his cause of action pursuant to Labor Law § 240 (1) was inappropriate (*see Hirsch v Greenridge Assoc., LLC,* 26 AD3d 411, 412 [2006]; *Yellitz v Brooklyn Union Gas Co., supra* at 271; *Parsolano v County of Nassau,* 93 AD2d 815, 817 [1983]). Accordingly, the plaintiff's motion should have been denied.

In light of our determination on the appeal from the order dated May 13, 2004, the appeal from the order dated March 22, 2005, has been rendered academic. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.