Amended order, Supreme Court, New York County (Eileen A. *544 Rakower, J.), entered May 8, 2012, which, to the extent appealed from as limited by the briefs, denied defendants-appellants’ motion for summary judgment dismissing plaintiffs Labor Law § 240 (1) claim, and granted plaintiffs cross motion for partial summary judgment on his Labor Law § 240 (1) claim as against defendants-appellants 260-261 Madison Avenue, LLC and Ziruale Construction, Inc. (defendants), unanimously modified, on the law, to deny the cross motion, and otherwise affirmed, without costs.
Defendants’ evidence was sufficient to defeat plaintiffs cross motion for partial summary judgment on the Labor Law § 240 (1) claim. Defendants’ evidence established, at minimum, that triable issues exist whether the 10-foot ladder provided to plaintiff, under the circumstances (including a measured ceiling height of 10 feet, 7 inches), constituted an adequate safety device for the air duct removal work he was assigned to perform. Specifically, triable issues exist as to whether, inter alia: (1) the six-foot-tall plaintiff was able to stand on the sixth or seventh rung of the 10-step ladder (as he claimed) and still have the necessary headroom to accomplish his work; (2) whether plaintiff actually stood lower down on the ladder in view of the apparent ceiling height constraints, such as might allow him ready hand access to the ladder for support; and (3) whether the admittedly stable ladder required another worker to hold it secure if plaintiff was working from a lower position than claimed, particularly considering that plaintiff admitted he only fell after the ceiling conduit pipe, onto which he purportedly held for support, broke free, resulting in his fall. Since there was no evidence that plaintiff was leaning or had to reach to perform his work, triable issues exist whether plaintiff actually stood high enough on the ladder as would warrant securing the ladder beneath him and, further, assuming arguendo, the ladder was so secured, whether it would have prevented his fall once the conduit pipe broke free from its ceiling support system.
Defendants’ evidence also raises a factual issue as to whether plaintiffs own acts or omissions were the sole cause of his accident; namely, whether an adequate safety device was available (i.e., the 10-foot ladder), but arguably not properly utilized by plaintiff (see generally Robinson v East Med. Ctr., LP, 6 NY3d 550 [2006]; cf. Gallagher v New York Post, 14 NY3d 83 [2010]). Plaintiff did not state he was unable to support himself by holding onto the ladder (which was in front of him), but only stated that he had found himself holding onto the conduit rod for support. While a plaintiff may be granted partial summary judgment based on his own testimony as to how an accident hap *545 pened, and notwithstanding that he was the sole witness to the accident, such motion may also be denied where, as here, defendants present evidence that raises factual issues whether the accident occurred in the manner the plaintiff claimed, and whether he was the sole cause of his accident (see generally Woszczyna v BJW Assoc., 31 AD3d 754 [2d Dept 2006]; cf. Klein v City of New York, 89 NY2d 833 [1996]; Rodriguez v Forest City Jay St. Assoc., 234 AD2d 68 [1st Dept 1996]).
We have considered defendants’ remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.