■ Daniel Nalvarte, Appellant, v Long Island University, Respondent. (And a Third-Party Action.) [59 NYS3d 786]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated August 17, 2015, as denied those branches of his motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on 12 NYCRR 23-1.21 (b) (4) (ii).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by MCJ Interiors, Inc., a subcontractor on a construction project at the defendant, Long Island University. The plaintiff and a coworker were installing sheetrock to create a wall on the first floor of the project. The plaintiff was positioned on the basement level of the building, but was required to install sheetrock in an area located on the first floor through a large opening between the two floors. The plaintiff stacked two Baker scaffolds on top of each other and further placed an A-frame ladder, in the closed position, atop the two scaffolds. The plaintiff claimed that the A-frame ladder could not be opened because the scaffold platform was not wide enough to accommodate the ladder in its opened position. While the plaintiff was applying pressure to screw in a piece of sheetrock, the scaffold fell backwards, causing the plaintiff to fall. The plaintiff commenced this action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), as well as common-law negligence. He moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.

Although the plaintiff met his initial burden with respect to the cause of action alleging a violation of Labor Law § 240 (1) by establishing, through the submission of a transcript of his deposition testimony, that the ladder and scaffold he used to perform sheetrocking work at an elevation failed to afford him proper protection for the work being performed, and that this failure was a proximate cause of his injuries (*see Felker v Corning Inc.*, 90 NY2d 219 [1997]; *Mora v Nakash*, 118 AD3d 964, 966 [2014]), the defendant raised a triable issue of fact as to whether the plaintiff's actions were the sole proximate cause of his injuries (*see Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]). Specifically, the defendant raised a triable issue of fact as to whether pipe scaffolds, which were available

to the plaintiff, constituted adequate protection for the work that the plaintiff was performing and, if so, whether the plaintiff, based on his training, prior practice, and common sense, knew or should have known to use pipe scaffolds instead of Baker scaffolds (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 553-554 [2006]; *Probst v 11 W. 42 Realty Invs., LLC*, 106 AD3d 711, 712 [2013]; *Wahab v Agris & Brenner, LLC*, 102 AD3d 672, 674 [2013]; *Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1427 [2007]). The defendant also raised a triable issue of fact as to whether the scaffolds alone were adequate for the job, thereby negating any need for the plaintiff to place a closed ladder on top of the scaffolds (*see Bin Gu v Palm Beach Tan, Inc.*, 81 AD3d 867, 868 [2011]). Therefore, the defendant submitted evidence that would permit a jury to find that "[the] plaintiff had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]).

Contrary to the plaintiff's contention, he failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on so much of the Labor Law § 241 (6) cause of action as was predicated on 12 NYCRR 23-1.21 (b) (4) (ii) (*see generally Riffo-Velozo v Village of Scarsdale*, 68 AD3d 839 [2009]), requiring the denial of that branch of his motion regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and so much of the Labor Law § 241 (6) cause of action as was predicated on 12 NYCRR 23-1.21 (b) (4) (ii). Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.