Alvarez v 2455 8 Ave, LLC (2022 NY Slip Op 00837)





Alvarez v 2455 8 Ave, LLC


2022 NY Slip Op 00837


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-06339
 (Index No. 6159/15)

[*1]Marvin Alexander Castro Alvarez, respondent-appellant,
v
2455 8 Ave, LLC, respondent, Zenco Group, Inc., appellant-respondent, et al., defendants.


Bartlett LLP, White Plains, NY (David C. Zegarelli and Robert G. Vizza of counsel), for appellant-respondent.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz and Victor Goldblum of counsel), for respondent-appellant.
Twersky PLLC, New York, NY (Aaron Twersky and Ilana Neufeld of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Zenco Group, Inc., appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated January 28, 2019. The order, insofar as appealed from, denied the motion of the defendant Zenco Group, Inc., for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant 2455 8 Ave, LLC, payable by the plaintiff.
In December 2014, the plaintiff allegedly sustained injuries when he fell from an A-frame ladder while working on a renovation project at a building in Manhattan. The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendant 2455 8 Ave, LLC, the owner of the subject property, and the defendant Zenco Group, Inc. (hereinafter Zenco), the alleged general contractor for the renovation. The plaintiff alleged, inter alia, violations of Labor Law § 240(1).
At the close of discovery, the plaintiff moved, among other things, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. Zenco also moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was no longer the general contractor at the time of the subject incident. In an order dated January 28, 2019, the Supreme Court, inter alia, denied the plaintiff's and Zenco's motions. Zenco appeals, and the plaintiff cross-appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. To prevail on a claim under Labor Law § 240(1), a plaintiff must prove that the defendant violated [*2]Labor Law § 240(1), and that such violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280). The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish a violation of the statute; however, a plaintiff may establish prima facie entitlement to judgment as a matter of law by showing both that he or she fell from a defective or unsecured ladder, and that the defect or failure to secure the ladder was a proximate cause of his or her injuries (see Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d 1096, 1097). Where a plaintiff is the sole witness to the accident and his or her credibility has been placed in issue, the granting of summary judgment on the issue of liability in favor of the plaintiff on a Labor Law § 240(1) cause of action is inappropriate (see Woszczyna v BJW Assoc., 31 AD3d 754, 755).
Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action through submission of a transcript of his deposition testimony. His testimony established, prima facie, that he fell from a defective A-frame ladder and that his fall was caused by the defective condition of the ladder (see Loretta v Split Dev. Corp., 168 AD3d 823, 824; Corchado v 5030 Broadway Props., LLC, 103 AD3d 768, 769). However, in opposition to the plaintiff's prima facie showing, a triable issue of fact was raised through the affidavit of the plaintiff's supervisor, which called into question the plaintiff's credibility regarding how the incident occurred (see Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 855; Medrano v Port Auth. of N.Y. & N.J., 154 AD3d 521, 522).
The Supreme Court also properly denied Zenco's motion for summary judgment dismissing the complaint insofar as asserted against it. Here, the deposition transcripts submitted by Zenco in support of its motion demonstrated the existence of a triable issue of fact regarding its status as general contractor at the time of the subject incident (see Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784-785; Johnsen v City of New York, 149 AD3d 822, 882-883). Since Zenco failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court