Moran v Trustees of Columbia Univ. in the City of N.Y. (2024 NY Slip Op 00902)

Moran v Trustees of Columbia Univ. in the City of N.Y.

2024 NY Slip Op 00902

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2019-14241
2020-04584
 (Index No. 512190/16)

[*1]Miguel Moran, plaintiff-respondent, 
v
Trustees of Columbia University in the City of New York, defendant third-party plaintiff-respondent-appellant, Lemark Construction, Inc., defendant third-party defendant- appellant-respondent; Blue Water Construction & Restoration, Corp., third-party defendant-respondent.

Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (John L. Marsigliano of counsel), for defendant third-party defendant-appellant-respondent.
Cullen and Dykman LLP, New York, NY (Michael J. Winter and Olivia M. Gross of counsel), for defendant third-party plaintiff-respondent-appellant.
Glenn M. Race (Michael H. Zhu, Esq. P.C., New York, NY, of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party defendant appeals, and the defendant third-party plaintiff cross-appeals, from (1) an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated November 13, 2019, and (2) an order of the same court dated May 28, 2020. The order dated November 13, 2019, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant third-party defendant and denied the cross-motion of the defendant third-party defendant for summary judgment dismissing the amended complaint, the third-party complaint, and all cross-claims insofar as asserted against it. The order dated November 13, 2019, insofar as cross-appealed from, denied that branch of the cross-motion of the defendant third-party plaintiff which was for summary judgment on the third-party cause of action for contractual indemnification against the defendant third-party defendant. The order dated May 28, 2020, insofar as appealed from, upon reargument, adhered to the determination in the order dated November 13, 2019, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant third-party defendant and denying the cross-motion of the defendant third-party defendant for summary judgment dismissing the amended complaint, the third-party complaint, and all cross-claims insofar as asserted against it. The order dated May 28, 2020, insofar as cross-appealed from, upon reargument, adhered to the determination in the order dated November 13, 2019, denying that branch of the cross-motion of the defendant third-party plaintiff which was for summary judgment on the third-party cause of action for contractual indemnification against the defendant third-party defendant. 
ORDERED that the appeal and the cross-appeal from the order dated November 13, 2019, are dismissed, without costs or disbursements, as that order was superseded by the order dated May 28, 2020, made upon reargument; and it is further, 
ORDERED that the order dated May 28, 2020, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated November 13, 2019, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant third-party defendant, and substituting therefor a provision, upon reargument, vacating that determination in the order dated November 13, 2019, and thereupon, denying that branch of the motion; as so modified, the order dated May 28, 2020, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements. 
The plaintiff allegedly was injured when he fell off a ladder while working for his employer, the third-party defendant, Blue Water Construction & Restoration, Corp. (hereinafter Blue Water). Blue Water was the general contractor on a project to renovate a building owned by the defendant third-party plaintiff, Trustees of Columbia University in the City of New York (hereinafter Columbia). Blue Water subcontracted with the defendant third-party defendant, Lemark Construction, Inc. (hereinafter Lemark), to perform work on the project. The plaintiff commenced this personal injury action against Columbia and Lemark, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Columbia commenced a third-party action against Blue Water and Lemark, seeking, inter alia, contractual and common-law indemnification against each of them. Blue Water asserted cross-claims for contribution and common-law indemnification against Lemark in the third-party action.
After the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Lemark. Columbia cross-moved, among other things, for summary judgment on the third-party cause of action for contractual indemnification against Lemark. Lemark cross-moved for summary judgment dismissing the amended complaint, the third-party complaint, and all cross-claims insofar as asserted against it. In an order dated November 13, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Lemark, denied that branch of Columbia's cross-motion which was for summary judgment on the third-party cause of action for contractual indemnification against Lemark, and denied Lemark's cross-motion. Subsequently, Columbia and Lemark separately moved for leave to reargue, and in an order dated May 28, 2020, the court, among other things, upon reargument, adhered to the prior determinations. Lemark appeals, and Columbia cross-appeals.
The plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Lemark. While the plaintiff alleged that he was injured when he fell from a defective ladder, the record contained conflicting evidence as to the manner in which the accident happened, including as to whether a ladder was involved in the accident. Thus, the plaintiff failed to eliminate triable issues of fact as to whether violations of Labor Law §§ 240(1) and 241(6) occurred and whether such violations proximately caused the accident (see Alvarez v 2455 8 Ave, LLC, 202 AD3d 724; Singh v Six Ten Mgt. Corp., 33 AD3d 783, 784; Anspach v Miller Bluff's Constr. Corp., 280 AD2d 564, 565). Accordingly, the Supreme Court, upon reargument, should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Lemark.
Lemark failed to demonstrate, prima facie, that it was not an agent of Blue Water, the general contractor, for purposes of imposing liability under Labor Law §§ 240(1) and 241(6). "To hold a defendant liable as an agent of the general contractor or the owner for violations of Labor Law §§ 240(1) and 241(6), there must be a showing that it had the authority to supervise and control the [*2]work that brought about the injury" (Fiore v Westerman Constr. Co., Inc., 186 AD3d 570, 571; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 293). Here, Lemark failed to demonstrate, prima facie, that it lacked the ability to supervise and control the work that brought about the plaintiff's alleged injuries. Instead, triable issues of fact existed as to the role Blue Water and Lemark played in the renovation work, which entity was supervising the plaintiff, and which entity supplied the ladder that he alleged caused the accident (see Alvarez v 2455 8 Ave, LLC, 202 AD3d 724; Barrios v City of New York, 75 AD3d 517, 518).
Similarly, since there are triable issues of fact as to Lemark's authority to supervise and control the plaintiff's work and whether it supplied him with a defective ladder, Lemark failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it (see Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750; Robles v Taconic Mgt. Co., LLC, 173 AD3d 1089, 1092; Lam v Sky Realty, Inc., 142 AD3d 1137, 1139).
Accordingly, the Supreme Court, upon reargument, properly adhered to the determination denying that branch of Lemark's cross-motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
Finally, because triable issues of fact existed regarding Lemark's fault in the happening of the accident, the Supreme Court, upon reargument, properly adhered to the determination denying that branch of Lemark's cross-motion which was for summary judgment dismissing the third-party complaint and all cross-claims insofar as asserted against it, and properly adhered to the determination denying that branch of Columbia's cross-motion which was for summary judgment on the third-party cause of action for contractual indemnification against Lemark (see Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160; Caban v Plaza Constr. Corp., 153 AD3d 488, 490; Soltes v Brentwood Union Free School Dist., 47 AD3d 804, 805).
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court