Injai v Circle F 2243 Jackson (DE), LLC (2024 NY Slip Op 04380)

Injai v Circle F 2243 Jackson (DE), LLC

2024 NY Slip Op 04380

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-07569
 (Index No. 713090/19)

[*1]Ronny Injai, appellant, 
v
Circle F 2243 Jackson (DE), LLC, et al., defendants third-party plaintiffs-respondents, et al., defendants; Sovereign Industries Group, Inc., third-party defendant-respondent (and other third-party actions).

Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for appellant.
Hannum, Feretic, Prendergrast & Merlino, LLC, New York, NY (Meredith L. Bernstein of counsel), for defendants third-party plaintiffs-respondents.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa M. Rolle of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered August 19, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.21(b)(4)(ii) insofar as asserted against the defendants third-party plaintiffs, Circle F 2243 Jackson (DE), LLC, and Zhong Wang Construction Services, Inc.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In February 2019, the plaintiff allegedly was injured when he fell from a ladder while performing work at a construction site. The construction site was located on property owned by the defendant third-party plaintiff Circle F 2243 Jackson (DE), LLC (hereinafter Circle F), which had hired the defendant third-party plaintiff Zhong Wang Construction Services, Inc. (hereinafter Zhong Wang), to act as the general contractor on the construction project. The plaintiff, a carpenter, asserted that, at the time of the accident, he was moving forms for pouring concrete from one floor to another by carrying them up a wooden ladder that had been built at the construction site and passing them to a worker above. According to the plaintiff, the accident occurred when he was ascending the ladder with a form and the ladder wobbled or moved, causing him to lose his balance and fall to the ground below.
The plaintiff commenced this action against Circle F and Zhong Wang, among others, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Circle [*2]F and Zhong Wang commenced a third-party action against Sovereign Industries Group, Inc. (hereinafter Sovereign), a subcontractor that allegedly hired the plaintiff. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.21(b)(4)(ii) insofar as asserted against Circle F and Zhong Wang. Circle F and Zhong Wang opposed the motion, and Sovereign separately opposed the motion. In an order entered August 19, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Rocovich v Consolidated Edison Co., 78 NY2d 509, 512-513). To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287). "The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish a violation of the statute; however, a plaintiff may establish prima facie entitlement to judgment as a matter of law by showing both that he or she fell from a defective or unsecured ladder, and that the defect or failure to secure the ladder was a proximate cause of his or her injuries" (Alvarez v 2455 8 Ave, LLC, 202 AD3d 724, 725; see Hugo v Sarantakos, 108 AD3d 744, 745).
In support of his motion, the plaintiff submitted a transcript of his own deposition testimony, which established that he was working on an unsecured ladder that moved for no apparent reason, causing him to fall (see Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 704; Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1222; Vicuna v Vista Woods, LLC, 168 AD3d 1124, 1125; Cabrera v Arrow Steel Window Corp., 163 AD3d 758, 759-760; Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685, 689). However, "[w]here a plaintiff is the sole witness to the accident and his or her credibility has been placed in issue, the granting of summary judgment on the issue of liability in favor of the plaintiff on a Labor Law § 240(1) cause of action is inappropriate" (Alvarez v 2455 8 Ave, LLC, 202 AD3d at 725; see Woszczyna v BJW Assoc., 31 AD3d 754, 755). The plaintiff's evidentiary submissions in support of his motion, as well as the evidence submitted in opposition to the motion, raised triable issues of fact regarding how the accident occurred, whether the accident could have occurred in the manner the plaintiff described, and whether the ladder was secured (see Alvarez v 2455 8 Ave, LLC, 202 AD3d at 725; Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 855; Woszczyna v BJW Assoc., 31 AD3d at 755). Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Circle F and Zhong Wang.
Similarly, the plaintiff's submissions failed to eliminate triable issues of fact as to whether 12 NYCRR 23-1.21(b)(4)(ii) was violated or whether such violation was a proximate cause of the plaintiff's injuries (see Nalvarte v Long Is. Univ., 153 AD3d 712, 714). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.21(b)(4)(ii) insofar as asserted against Circle F and Zhong Wang.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court