Zokir v Teller Owner, LLC (2025 NY Slip Op 02240)

Zokir v Teller Owner, LLC

2025 NY Slip Op 02240

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-07096
 (Index No. 505097/20)

[*1]Shakirov Zokir, appellant, 
v
Teller Owner, LLC, et al., respondents (and third-party actions).

William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for appellant.
Rebore Thorpe & Pisarello, P.C., Farmingdale, NY (Michelle S. Russo of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated May 24, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2020, the defendant Exotic Design & Wire, LLC, doing business as Empire State Contractors, was performing a renovation project at premises owned by the defendant Teller Owner, LLC. The plaintiff was employed by the third-party defendant Look Better NYC, Inc., and was responsible for various tasks on the project, including installing sheetrock, taping, and puttying. On February 22, 2020, while working on the project, the plaintiff allegedly fell from a 10-foot A-frame ladder and suffered injuries. The plaintiff was the sole witness to the fall.
The plaintiff commenced this action alleging, inter alia, a violation of Labor Law § 240(1), and subsequently moved, among other things, for summary judgment on the issue of liability on that cause of action. By order dated May 24, 2023, the Supreme Court denied, inter alia, that branch of the motion. The plaintiff appeals.
"To prevail on a Labor Law § 240(1) cause of action, a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Correa v 455 Ocean Assoc., LLC, 218 AD3d 435, 436 [internal quotation marks omitted]; see Iannaccone v United Natural Foods, Inc., 219 AD3d 819, 820). "The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish a violation of the statute; however, a plaintiff may establish prima facie entitlement to judgment as a matter of law by showing both that he or she fell from a defective or unsecured ladder, and that the defect or failure to secure the ladder was a proximate cause of his or her injuries" (Alvarez v 2455 8 Ave, LLC, 202 AD3d 724, 725; see Injai v Circle F 2243 Jackson [DE], LLC, 230 AD3d 1122, 1124). "Where a plaintiff is the sole witness to the accident and his or her credibility has been placed in issue, the granting of summary judgment on the issue of liability in favor of the plaintiff on a Labor Law § 240(1) cause of action is [*2]inappropriate" (Alvarez v 2455 8 Ave, LLC, 202 AD3d at 725; see Injai v Circle F 2243 Jackson [DE], LLC, 230 AD3d at 1124).
Here, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). His deposition testimony, which includes inconsistencies regarding certain repairs or modifications that he made to the ladder prior to the accident, places his own credibility in issue and presents triable issues of fact regarding how the accident occurred (see Injai v Circle F 2243 Jackson [DE], LLC, 230 AD3d at 1124; Jones v City of New York, 166 AD3d 739, 741; see also Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 855).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court